AARON GANTZ, Plaintiff, v. INVESTORS SYNDICATE, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, June 26, 1933.

*E. Robert Marks,* for the plaintiff.

*Schurman, Wiley & Willcox,* for the defendant.

WATSON, J. *Phillips* v. *Investors' Syndicate* (145 Misc. 361; affirmed by the Appellate Term, First Department, without opinion) is cited by plaintiff as determinative of plaintiff's right to summary judgment in this action.

The record on appeal from the judgment and order in that case has been submitted on this motion for comparison with the issues in the instant action. Upon a careful examination of that record, I find a distinction between the two cases which impels the conclusion that a triable issue is presented in this motion, which did not appear in the application for summary judgment in the *Phillips* case.

The *Phillips* case proceeded on the theory that the contract was void, in that the defendant, a foreign corporation, engaged in the business of issuing and selling various forms of installment investment or savings certificates or bonds to investors in this State, did not comply with section 519 of the Banking Law of the State of New York, and that, upon plaintiff's discovery of that fact, she elected to and did rescind the transaction and tendered to the defendant the return of its certificate.

The affidavits in support of the motion for summary judgment in that action amplified the allegations of the complaint and detailed the nature of defendant's business, according to the statements contained in its various applications for permission to conduct its business in other States. There was also proof tending to establish the sale in New York of the certificate involved in the suit, and of delivery to plaintiff of a pass book in which were recorded the initial and subsequent installment payments on the purchase price. It was further alleged that an abortive attempt to obtain a license or permission from the Superintendent of Banks of the State of New York had been made by defendant, and that thereafter defendant discontinued direct sales of its certificates to the public, but conducted substantially the same activities through a business corporation organized under the laws of this State, in which defendant holds practically the entire capital stock.

The answer of the defendant generally denied that its business was illegally conducted here, and it also denied the allegation in the complaint that plaintiff had no knowledge of that fact when the certificate was purchased.

The opposing affidavit, made by an attorney associated in the office of defendant's counsel, challenged the sufficiency of the plaintiff's papers, but submitted no evidence in contradiction of their contents.

Recovery in the instant action is sought, not on the basis of a rescission, but on the legal principle that where two parties entered

into a contract, even though that contract be executed in accordance with all its terms and conditions, if the contract was, in fact, illegal, and the parties were not *in pari delicto*, the innocent party is entitled to recover any losses he may have sustained by reason of the contract. Accordingly, plaintiff's damage is predicated upon the alleged loss incurred in the difference between the amount of the paid installments under the contract and the amount received by him when he surrendered the certificates to the defendant.

In resisting this motion it is asserted by the defendant that the agreement between the parties for the purchase of defendant's certificates was not made in New York, but that the same was made in Minnesota, and that it is a valid contract under the laws of that State.

It is shown by the exhibits submitted with the opposing papers that plaintiff's application for the purchase of the certificates upon which plaintiff rests his claim, contains a statement that the application is subject to the approval of the defendant at Minneapolis, Minn.; that the certificates were executed and issued by the company at Minneapolis, each of which contains the statement that at maturity the defendant promises to pay the face value thereof upon presentation and surrender of the same " to the company at its office in the city of Minneapolis, Minnesota."

These facts were not disclosed on the motion for summary judgment in the *Phillips* case.

The question whether the contract was made in Minneapolis or was one entered into by defendant in the State of New York, in contravention of the express provisions of section 519 of the Banking Law of this State, presents a triable issue.

It is not the purpose of rule 113 of the Rules of Civil Practice to try the issue, but to determine only whether there is a meritorious issue to be tried. Summary judgment then should not be granted on affidavits where it fairly appears that there is such an issue.

In further support of plaintiff's motion, attention has been called to the following decision of Mr. Justice WASSERVOGEL at Special Term, Supreme Court, appearing in the Law Journal of June 13, 1933, in the case of *Kaufman* v. *Investors Syndicate*, on plaintiff's motion to strike out the separate defenses of the defendant, which are the same defenses as those interposed in this action: " The allegation in the first defense that the agreement here involved ' is and always has been in all respects legal, valid and enforcible; that under the laws of the State of Minnesota, which govern, plaintiff has no cause of action,' is but a legal conclusion. No facts from which such conclusion can be drawn are pleaded. The second defense is insufficient as a matter of law inasmuch as advice claimed to have

been given to defendant by the superintendent of banks, with respect to the legality of defendant's transactions is not a defense to this action. Motion to strike out both defenses granted, with leave to defendant to plead anew with respect to the first defense within ten days upon payment of ten dollars costs. Order signed."

The decision is neither helpful to the plaintiff's contention nor destructive to the defendant's challenge to this motion, for even though its second defense in that action was stricken out, the granting of leave to plead anew as to the first defense invites the conclusion that, in the opinion of the court, if facts are set forth to sustain the conclusion, such defense would be a valid one.

I am constrained, therefore, to the conclusion that the defendant is entitled to a trial.

The motion for summary judgment is denied, with ten dollars costs.